# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

DAVID LEE NICKELSON,

    Plaintiff,

v.                                      Case No. 5:20-cv-269-RV-MJF

KEITH R. HARRIS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff David Lee Nickelson, a Florida prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The filing fee has been paid. (Doc. 4). The undersigned recommends that Nickelson's § 1983 claims be dismissed under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted, and that the court decline to exercise supplemental jurisdiction over Nickelson's state law claims.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

Nickelson is an inmate of the Florida Department of Corrections currently confined at Graceville Correctional Institution. (Doc. 1). Nickelson is suing Keith R. Harris, the Director of the Florida Justice League, who resides in Winter Park, Florida. Nickelson alleges that he hired Harris to prepare a federal habeas corpus petition; that Harris miscalculated the one-year limitations period under 28 U.S.C. § 2244(d); and that Nickelson's petition, which was filed *pro se*, was dismissed by this court as untimely. (*Id*. at 5-9) (citing *Nickelson v. Sec'y, Dep't of Corr*., No. 3:18-cv-02196-LC-CAS (N.D. Fla. Oct. 10, 2019) (dismissing petition as time barred)). Nickson claims that Harris committed fraud and gross negligence and that he deprived Nickelson of his constitutional rights to effective assistance of counsel, due process, equal protection, and access to the courts. (*Id*. at 10-13). As relief, Nickelson seeks damages in the amount of $3,500.00, and injunctive relief, namely, "another opportunity to refile his 2254 federal petition with the Federal District court." (*Id*. at 10, 13).

## II. Screening Under 28 U.S.C. § 1915A

Because Nickelson is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. § 1915A(a)-(b). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it

demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III.  Discussion

**A.    NICKELSON'S FEDERAL CLAIMS**

Nickelson is suing Harris under 42 U.S.C. § 1983 for violating his constitutional rights. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties

performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

Nickelson's complaint fails to state a plausible § 1983 claim against Harris, because Harris is a private party, and Nickelson does not plead any allegations to satisfy one of the three tests necessary to transform Harris into a state actor. *See id.* "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the deficiencies in Nickelson's § 1983 claims cannot be cured by amendment, his federal claims should be dismissed without affording him an opportunity for a futile amendment of his complaint.

**B.  NICKELSON'S STATE-LAW CLAIMS**

"Supplemental jurisdiction permits parties to append state claims in federal cases, provided that the state-law claims 'form part of the same case or controversy' as the federal claims." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting 28 U.S.C. § 1367(a)). A district court has discretion to dismiss state law

claims when "all claims over which it has original jurisdiction" have been dismissed. 28 U.S.C. § 1367(c)(3). *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court.").

If the District Court dismisses Nickelson's federal claims, it should decline to exercise supplemental jurisdiction over Nickelson's state-law fraud and negligence claims. *See Raney*, 370 F.3d at 1089 ("We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."); *Crosby*, 187 F.3d at 1352 ("If [the district judge] decides to dismiss these state-law claims, then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court.").

### IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.  Plaintiff's federal claims under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

2.  Plaintiff's state claims for fraud and negligence be **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling them in the appropriate state court.

3.   The clerk of court be directed to close this case file.

At Panama City, Florida, this 3rd day of November, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**